UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | CRIMINAL NO.: 21-CR-10057-NMG |
| CISNERO PAREDES-REYES | ) ) ) ) | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR
<u>EARLY TERMINATION OF SUPERVISED RELEASE</u>**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response in opposition to the Defendant's Motion to Terminate Supervised Release [DE 6]. For the reasons stated herein, the Defendant's motion should be denied without a hearing.

**I.    BACKGROUND**

The Defendant, Cisnero Paredes-Reyes, along with five co-defendants was the subject of a Six Count Indictment charging conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A) (Count 1), conspiracy and attempt to import more than 5 kilograms of cocaine unlawfully into the United States from a location outside of the United States, in violation of Title 21, United States Code, Sections 952, 963, and 960(b)(1)(B) (Count 2), possession with intent to distribute more than 5 kilograms of cocaine, in violation of Title 18, United States Code, Sections 841(a)(1) and 841(b)(1)(A) (Count 3), importation of more than five kilograms of cocaine into the United States from a location outside of the United States, in violation of Title 21, United States Code, Sections 952 and 960(b)(1)(B) (Count 4), possession of a firearm during and in relation to

a drug trafficking crime, in violation of Title 18, United States, Code, Section 924(c)(1)(A)(i) (Count 5), and possession of a firearm with an obliterated serial number, in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B) (Count 6).  The Defendant was found guilty following a jury trial of all six counts in the Indictment.  He was initially sentenced to 176 months as to Counts 1-4 to run consecutive to a 60 month sentence as to Counts 5 and 6 for a total of 236 months.  Following a successful appeal, the case was remanded and the Defendant was sentenced to a total of 120 months on Counts One and Five followed by five years of supervised release.  According to the Defendant's motion, he was released from custody on February 8, 2021.

II.     ARGUMENT

The Defendant now moves for the early termination of his supervised release after serving approximately one year of his five-year term.  However, a defendant "is not entitled to early termination simply because he has successfully served a portion of his supervised release." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005).  Nor is he likely to receive a termination of supervised release by mere compliance with its terms because "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *Id.*; *see also Karacsonyi v. United States*, 152 F.3d 918, 1998 WL 401273, at *1 (2d Cir. 1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release.").

Here, the Defendant has served only approximately one year of his five-year term of supervised release.  The Defendant's convictions are for drug and firearm offenses, which are serious offenses that support the continuation of his supervised release.  Furthermore, the Defendant relies upon his mere compliance with his supervision in support of his termination.  Additionally, the Defendant cites his wish to move to Florida and states that his "main reason" for his motion for early termination is to enable him to move while avoiding a transfer of his release.

*See* Mot., at 8. However, the Defendant's desire to avoid a transfer does not support the termination of his release. Finally, the Defendant also cites to a physical disability in support of his motion, however, the Government has no information about this disability. For these reasons, the Government opposes the early termination of supervised release at this time.

The Government has consulted with the United States Probation Office ("USPO") in connection with the Defendant's request. The USPO confirmed that the Defendant is eligible for early termination and the USPO supports the termination of his release.

### III.  CONCLUSION

The Government respectfully requests that the Court deny the Defendant's motion to terminate his supervised release without a hearing.

                                                    Respectfully submitted,

                                                    RACHAEL S. ROLLINS
                                                    UNITED STATES ATTORNEY

By:    /s/ J. Mackenzie Duane
          J. Mackenzie Duane
          Assistant United States Attorney
          One Courthouse Way, Suite 9200
          Boston, Massachusetts 02210
          (617) 748-3654
          Mackenzie.duane@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I filed the foregoing document with the Court via CM/ECF on this day.  A copy will be mailed to the Defendant.

/s/ J. Mackenzie Duane
Assistant United States Attorney